No. 12,458.

Stuchlik *v.* Talpers.
(8 P. [2d] 762)

Decided February 15, 1932.

Mr. FRED A. HARRISON, Mr. C. LA VERGNE HARRISON, for plaintiff in error.

Messrs. QUIAT, GINSBERG & QUIAT, Mr. F. J. KNAUSS, Mr. A. I. SOBOL, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as they appeared in the trial court, or by name.

April 29, 1929, Talpers brought ejectment against Stuchlik to recover possession of a half section of land in Adams county and $2,500 damages for its wrongful detention. On trial (apparently to the court), it is said he had judgment, and to review that judgment Stuchlik prosecutes this writ.

Talpers alleged ownership in fee, right of possession, demand and refusal. Stuchlik admitted his possession, alleged it was rightful, and denied Talpers' title, right of possession and damages. For a second defense he said he bought the tract March 7, 1929, from one Mertel, then the owner of the fee, and hence had title and right of possession, and that Talpers' rights, if any, were junior and acquired with notice. For a third defense he pleaded another suit pending, i. e., that Talpers, on April 10, 1929, had brought unlawful detainer against him in justice of the peace court, demanding possession of the same premises and $300 damages, which action had, on his motion, been transferred by the justice to the district court and was undisposed of.

On the trial it developed that each of the parties claimed title from Mertel. Stuchlik had an oral contract to buy, had moved onto the place, and the deal had fallen

through. Thereafter Talpers obtained a warranty deed. There is evidence to justify the trial court's finding that the possession taken by Stuchlik was conditional and not a part performance of his oral agreement with Mertel. The cause certified from justice of the peace court was dismissed without prejudice in the district court August 5, 1929. The instant case came on for trial August 13, 1929, and the court's findings seem to have been entered on the last mentioned date. The cause was docketed in this court the latter part of the same month. Thereafter an application for supersedeas was filed and denied en banc. In the transcript appear the notations "Order Findings for Plaintiff and Judgment entered for possession by the plaintiff," and "Judgment for the Plaintiff." Immediately thereafter a request was made for a hearing on the question of damages for the use of the land, and the Judge said he would hear that matter "some time in September." Whether it was ever heard the record does not disclose. Nor does it appear that any final judgment was ever entered. None is abstracted and we find nothing beyond the foregoing in the transcript. The writ should therefore be dismissed. We do this with less reluctance because, from what we have already said, it appears that no judgment could properly have been entered for Stuchlik and that in all probability justice was done.

The writ is accordingly dismissed at the costs of plaintiff in error.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Moore concur.